IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RHAWNIE NICKOLE PALMER                                                          PLAINTIFF

v.                              Civil No.   15-2021

SERGEANT MILLER, Sebastian
County Detention Center; and
ARAMARK CORRECTIONAL
SERVICES, LLC                                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Rhawnie Nickole Palmer, pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the McPherson Unit of the Arkansas Department of Correction (ADC).  The events at issue in this case occurred while Plaintiff was incarcerated in the Sebastian County Detention Center (SCDC).  Plaintiff's sole claim concerns her finding a piece of metal in her breakfast.

Defendant, Aramark Correctional Service, LLC, has filed a Motion to Dismiss (Doc. 12).  Plaintiff has not responded to the Motion.  The Motion is ready for decision.

### I.  BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff was incarcerated in the SCDC waiting transfer to the ADC.  On the morning of January 13, 2015, while eating a breakfast consisting of biscuits and gravy, Plaintiff found a "big piece of metal in [her] gravy."  *Id.* at pg. 5.  The metal was sharp and jagged and looked like it could have been from a can.

Plaintiff has named as Defendants Sergeant Miller and Aramark Correctional Services, LLC (Aramark).  With respect to Sergeant Miller, Plaintiff states he is in charge of the jail and failed to

make sure his kitchen employees were following all safety and sanitary precautions. With respect to Aramark, the contract food provider for the SCDC, Plaintiff alleges it allowed a piece of metal to be served with the gravy. She asserts it was very dangerous to serve her breakfast with the metal in it, and that if she had swallowed the metal it could have cut her vital organs.

As relief, Plaintiff seeks compensatory and punitive damages.

## II.  APPLICABLE STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

## III.  DISCUSSION

Aramark contends it is entitled to dismissal on three separate grounds: first, it argues that Plaintiff has failed to show any actual injury which it contends is required under the Eighth Amendment; second, it argues that a single incident is insufficient to state a claim of constitutional

dimension; and, third, it argues that it has not been properly served.

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. See also Butler v. Fletcher, 465 F.3d 340, 345 (8th Cir. 2006) (deliberate indifference standard of the Eighth Amendment applies to all claims that prison officials failed to provide adequate food, clothing, shelter, etc., whether brought by pretrial detainees or convicted inmates). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. See Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." Id. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976).

"Constitutional standards require only that prison authorities provide an inmate with well-balanced meals, containing sufficient nutritional value to preserve health." Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks and citation omitted). An isolated incident involving a foreign object in the food does not state a claim of constitutional dimension. See e.g.,

Wishon v. Gammon, 978 F.3d 446, 449 (8th Cir. 1992) ("[P]risoners have a right to nutritionally adequate food; however, Wishon has presented no evidence that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food"); Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects . . . does not amount to a constitutional deprivation"); Lunsford v. Reynolds, 376 F. Supp. 526, 527 (W.D. Va. 1974) ("The only contention concerning food which is detailed at all, is the inmates' complaint that their food frequently contains insects. Nevertheless, occasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion").

## IV.  CONCLUSION

For the reasons stated, I recommend that the Motion to Dismiss (Doc. 12) filed by Separate Defendant, Aramark Corrections Services, LLC, be **GRANTED** and this case be **dismissed in its entirety.**

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of September, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE